IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHNNY CARLTON AND JANE
CARLTON, husband and wife,

        Plaintiffs,

                                                      Civ. No. 03-1018 MV/RLP

vs.

THE CITY OF ALBUQUERQUE, NEW
MEXICO, a municipal corporation, THE
CITY COUNCIL, its governing body, THE
LANDMARKS AND URBAN
CONSERVATION COMMISSION, a
Commission of the City of Albuquerque, and
its current commissioners EDITH CHERRY,
BARBARA MADDOX, VIRGINIA
KUPFERMAN, AL STOTTS, WILLIAM
DODGE, and CHARLES PRICE III, in their
official capacities, KRISTINA SLY-
LENTON, in her individual and official
capacity as Commissioner of the Landmarks
and Urban Conservation Commission, and
MARY PISCITELLI, in her individual and
official capacity as city planner for the City of
Albuquerque,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Second Motion for Remand, filed October 2, 2003, **[Doc. No. 2].** The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the motion is well-taken and will be **GRANTED.**

**FACTUAL BACKGROUND**

On November 22, 2002, Plaintiffs filed a thirty-one page complaint in the Second Judicial District, Bernalillo County, State of New Mexico, asserting that Defendants deprived Plaintiffs of their constitutional and statutory rights under state and federal law by enacting illegal zoning standards and other restrictions that prevented Plaintiffs from building a high-density apartment building on property owned by Plaintiffs in Albuquerque.  On December 24, 2002, Defendants removed the case to this Court pursuant to 28 U.S.C. § 1441(b) on the grounds that this Court has original jurisdiction over claims arising under the Constitution, treaties or laws of the United States.  Plaintiffs filed a motion to remand, which was granted by this Court because Defendants' notice of removal was defective.

On July 30, 2003, Plaintiffs filed an amended complaint that dropped one defendant, added a newly-appointed commissioner on the Landmarks and Urban Conservation Commission as a defendant solely in his official capacity, dropped the civil conspiracy claim, and added new factual allegations regarding events that took place after the original complaint was filed.  Other than the dropping of the civil conspiracy claim, the causes of action asserted in the amended complaint were unchanged from the original complaint.

On September 2, 2003, Defendants filed a second notice to remove pursuant to 28 U.S.C. § 1441(b) on the grounds that this Court has original jurisdiction over claims arising under the Constitution, treaties or laws of the United States.  Plaintiffs filed the instant motion to remand, asserting that Defendants' removal is untimely because the amended complaint did not reopen the 30-day period for removal provided by 28 U.S.C. § 1446(b).

## DISCUSSION

Removal of a civil action from a state court to a federal court is governed by 28 U.S.C. § 1446 (b), which provides, in relevant part, that:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

18 U.S.C. § 1446 (b).

It is undisputed that the initial complaint was removable but, due to Defendants' defective removal notice, was remanded back to state court. The question before the Court, therefore, is whether the filing of Plaintiffs' amended complaint affords Defendants another opportunity to remove the action.

The Tenth Circuit has determined that § 1446(b), which was enacted to codify existing decisional law, permits more than one petition to remove in certain circumstances. *See O'Bryan v. Chandler*, 496 F.2d 403, 408-409 (10th Cir. 1974) ("Section 1446(b) has enacted the decisional law in this regard, and therefore more than one petition to remove may be allowed in certain cases."). One of the circumstances the Tenth Circuit recognizes as permitting a defendant to file a second petition to remove is the filing of an amended complaint. Not every amended

complaint, however, allows the filing of a second petition to remove. "To come within the perimeters of § 1446(b), the amendment of the state court complaint must be one that makes the case removable at the time of the amendment, when the original state court petition did not state a removable action." *Id*. at 409; *see also St. Paul & Chicago Railway Co. v. McLean*, 108 U.S. 212, 217 (1883) ("a party is not entitled, under existing laws, to file a second petition for removal upon the same grounds, where upon the first removal by the same party, the federal court declined to proceed and remanded the suit, because of his failure to file the required copy within the time fixed by the statute"); *McLaughlin v. Hallowell*, 228 U.S. 278, 293-94 (1913) (denying a second petition to remove because it alleged the same grounds as the first petition); *One Sylvan Road North Associates v. Lark Int'l, Ltd.*, 889 F.Supp. 60, 62-63 (D.Conn. 1995) ("A defendant who fails in an attempt to remove on the initial pleadings can file a second removal petition when subsequent pleadings or events reveal a new and different ground for removal.").

Thus, under Tenth Circuit and Supreme Court law, a defendant may file a second petition to remove following the filing of an amended complaint if 1) the plaintiff voluntarily amended his state court complaint after an order of remand has been entered and 2) the voluntarily-amended state court complaint sets forth a ground for removal that appears for the first time. *O'Bryan,* 496 F.2d at 410. It is undisputed that Plaintiffs voluntarily amended their state court complaint after an order of remand had been entered. The determinative question, therefore, is whether the amended complaint sets forth a ground for removal that was not present in the initial complaint.

If an amended complaint states an entirely new cause of action from that stated in the original petition, courts permit a second removal. For example, in *Henderson v. Midwest Refining Co.*, 43 F.2d 23 (10th Cir. 1930), the Tenth Circuit permitted a defendant who

consented to state jurisdiction on the original complaint to remove the case when plaintiff filed an amended compliant which asserted an entirely new cause of action. The Court noted that the plaintiff's amended complaint was "not an amplification of the alleged cause of action as it was stated in the first petition; but a change, both from fact to fact and from law to law--an abandonment of the original for a new cause of action." *Henderson*, 43 F.2d at 25.

In order to state a "different ground" for removal, however, an amended complaint need not allege a new theory or claim for relief. A different set of facts may state a new ground for removal. *See O'Bryan*, 496 F.2d at 410. For example, courts have held that a defendant may remove an action for a second time when the plaintiff adds or dismisses a party to the state action after a remand and creates diversity of citizenship for the first time. *See Powers v. Chesapeake & Ohio Railway*, 169 U.S. 92, 102 (1898). Similarly, courts have held that the amending of a complaint in state court to allege the federal jurisdictional amount of damages is another circumstance allowing the filing of a second petition to remove. *See Remington v. Central Pacific R.R. Co.*, 198 U.S. 95 (1905). In *O'Bryan*, the Tenth Circuit permitted a second petition to remove when plaintiff amended his state court complaint to assert that the alleged libelous statements occurred in a different document than that asserted in the initial complaint because the place where the alleged libel was published was significant in determining whether an officer of the court was acting "under color of office" for purposes of removal pursuant to 28 U.S.C. § 1442(a)(3).

In their amended complaint, Plaintiffs named a newly-appointed commissioner on the Landmarks and Urban Conservation Commission as a defendant solely in his official capacity. This amendment, which effected no change in the parties as the Landmarks and Urban

5

Conservation Commission remains the defendant, provides no new grounds for removal. There is nothing about the addition of a defendant in the context of this action that either creates federal jurisdiction or makes the fact of federal jurisdiction newly ascertainable. *See, e.g., Cantrell v. Great Republic Ins. Co.*, 873 F.2d 1249, 1255 (9th Cir. 1989) (amended complaint adding a guardian as a plaintiff did not provide a new opportunity to remove the case that previously was removable under federal question jurisdiction). Similarly, the dropping of a defendant, which had no effect on diversity of citizenship, does not create any new grounds for removal that were not present in the initial complaint.

Plaintiffs' amended complaint also sets forth additional factual averments in support of Plaintiffs' claims. Defendants assert, without citation to any case law, that the inclusion of allegations regarding events that occurred after the initial complaint was filed permits Defendants to remove the action a second time. The Court disagrees. As discussed above, the inclusion of additional facts in an amended complaint will support a second motion for removal only if the newly added facts create a basis for removal that did not exist when the first motion for removal was filed. Plaintiffs' initial complaint alleged, in part, that Defendants' actions had deprived, and continued to deprive, Plaintiffs of their constitutional and statutory rights. In their amended complaint, Plaintiffs included additional facts regarding Defendants' continued violation of Plaintiffs' constitutional rights since the filing of the initial complaint. The new factual allegations in Plaintiffs' amended complaint provide additional support for Plaintiffs' previously asserted claims but do not make the fact of federal jurisdiction newly ascertainable.

The amended complaint filed by Plaintiffs neither asserts a completely new cause of action nor provides a factual basis for removal that did not exist when the first motion for removal was

filed. Consequently, the factual and legal grounds for Defendants' removal of the amended complaint are virtually identical to the factual and legal grounds for Defendants' removal of the initial complaint. As there are no new grounds for removal, Plaintiffs' motion to remand must be granted.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Second Motion for Remand, filed October 2, 2003, **[Doc. No. 2]** is **GRANTED**. This case is hereby remanded to the Second Judicial District, Bernalillo County, State of New Mexico.

Dated this 30th day of January, 2004.

_____
MARTHA VAZQUEZ
U. S. DISTRICT COURT JUDGE

Attorneys for Plaintiff:
    Stephanie Landry, Esq.
    Margaret C. Ludewig, Esq.

Attorneys for Defendant:
    John E. Dubois, Esq.